IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

JEANNETTE LYNN GRIFFIS,                                                          PETITIONER

v.                                                                                        No. 2:05CV89-P-B

DESOTO COUNTY, MISSISSIPPI, ET AL.                                  RESPONDENTS

**MEMORANDUM OPINION**

This matter comes before the court on the May 9, 2005, *pro se* petition of Jeannette Lynn Griffis for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state moved November 7, 2005, to dismiss the instant petition for failure to exhaust state remedies. The petitioner has not responsded. For the reasons set forth below, the instant petition for a writ of *habeas corpus* shall be dismissed for failure to exhaust state remedies.

**Facts and Procedural Posture**

The Circuit Court of DeSoto County, Mississippi, accepted the petitioner's guilty pleas for three counts of burglary of a dwelling and sentenced petitioner to serve, for each count, a term of three years in the custody of the Mississippi Department of Corrections with three years of post-release supervision. "Order Sentencing Defendant To Post Release Supervision" filed on August 9, 2002, in Cause Numbers 2001-618, 2001-569 and 2002-359, DeSoto County Circuit Court. The court ruled that all three sentences were to be served concurrently. *Id.* On January 12, 2005, the circuit court revoked a portion of the petitioner's post release supervision and ordered her to serve twenty-four months in the custody of the Mississippi Department of Corrections.

**Discussion**

The petitioner seeks a writ of *habeas corpus* under 28 U.S.C. § 2254, which provides:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that --
> (A) the applicant has exhausted the remedies available in the courts of the State

28 U.S.C. § 2254. "Applicants seeking federal habeas relief under § 2254 are required to exhaust all claims in state court prior to requesting federal collateral relief." *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999); *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998). To satisfy the exhaustion requirement, a federal *habeas corpus* petitioner must present his claims to the state's highest court in a procedurally proper manner – and provide the highest state court with a fair opportunity to pass upon the claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728 (1999); *Carter v. Estelle*, 677 F.2d 427, 442-44 (5th Cir. 1982); *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988).

In the instant petition, the petitioner challenges the revocation of her post-release supervision. The petitioner has not, however, exhausted her state court remedies, as she may seek relief under the Mississippi Uniform Post-Conviction Collateral Relief Act, MISS. CODE ANN. §§ 99-39-1, *et seq.*[1] Section 99-39-5(1)(g) provides for relief based upon a claim "[t]hat [the] [prisoner's] sentence has expired; [her] probation, parole or conditional release unlawfully revoked; or [she] is otherwise unlawfully held in custody[.]" MISS. CODE ANN. § 99-39-5(1)(g) (Rev. 2000).

---

[1] The petitioner had no right to a direct appeal of the revocation. *Rogers v. State*, 829 So. 2d 1287, 1288 (Miss. App. 2002)(holding that revocation of probation is not appealable).

The petitioner has not sought review of the revocation of her parole in state court under § 99-39-5(1)(g); as such, she may not yet seek relief in this court.[2] The limitation period for filing a *habeas corpus* petition in this matter began to run January 12, 2005; thus, over ten months of the one-year limitation period has already expired. The petitioner is warned that the one-year time period for filing for federal *habeas corpus* relief continues to run, leaving just under two months to seek relief in the state courts *and* return to federal court after exhaustion of state remedies. Even if she properly files for state court relief before the one-year deadline, the federal limitations period will continue to elapse until she does so – and will resume immediately after the Mississippi Supreme Court or Mississippi Court of Appeals rules. *Fisher v. Johnson*, 174 F.3d 710, 712 (5th Cir. 1999)( time from point petitioner properly files his state habeas application until point it is denied does not count against the federal limitation period). The petitioner must exercise diligence to prevent her being barred from returning to federal court

---

[2]The petitioner filed a motion June 24, 2005, to "vacate/set aside" a portion of the sentence imposed pursuant to petitioner's guilty pleas entered on August 9, 2002. In its order denying the motion, the circuit court held that the petitioner's motion was a request to modify the original sentence and thus did not constitute a challenge to the conviction or sentence under the Mississippi Uniform Post-Conviction Collateral Relief Act. As such, the petitioner may still seek post-conviction collateral relief to challenge the revocation of her post release supervision.

after ruling by the state courts on a petition for post-conviction collateral relief. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 15th day of November, 2005.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE